JOHN FITZPATRICK
P. O. Box 1705
Ramona, CA. 92065
(619)972-9941
jfitz458@gmail.com

**FILED**

Sep 03 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY      s/ franciscoh      DEPUTY

JOHN FITZPATRICK, IN PRO PER

U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FITZPATRICK<br><br>                 Petitioner,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF LABOR OFFICE OF WORKERS COMPENSATION PROGRAMS<br>                 Respondent(s). | Case No.: **'21CV1561 CAB JLB**<br><br>**CIVIL RIGHTS COMPLAINT: NEGLIGENCE**<br><br>Judge:   (TBD)<br>Dept:    (TBD)<br>Action Filed: (date)<br>Trial Date: (Unassigned) |

## JURISDICTION AND VENUE

This is an action for injunctive relief and damages pursuant to the Federal Tort Claims Act, and an action for injunctive relief and damages pursuant to 42 U.S.C. § 1983 based upon the continuing violations of Plaintiff's rights under the Fourth and Fifth Amendments to the United States Constitution, based upon the negligent mishandling and denial of medical treatment, all violations of Petitioner's right under the Longshore and Harbor Workers Compensation Act. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 33 U.S.C. §§ 901-950, and questions of federal constitutional law. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202. Supplemental jurisdiction over Petitioner's state law claims is pursuant to 28 U.S.C. §1367.

Venue is proper in the Southern District in that the events and conduct complained of herein all occurred in the Southern District.

# BRIEF FOR THE PETITIONER

## QUESTION PRESENTED

Whether, when Petitioner plausibly alleges that rogue federal employees, working for the DOL, violated clearly established Fourth Amendment rights to be secure from unreasonable seizures of property and Fifth Amendment rights of due process and equal protection under the law, by denying Petitioner's benefits under Title 33 U.S.C., for which there is no alternative legal remedy, that the federal courts can and should recognize a damages claim under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971)?

## Constitutional Provisions, Statutes, and Rules

42 U.S.C. § 1983 Civil action for deprivation of rights
28 U.S.C. § 1442(a) Federal officers or agencies sued or prosecuted
         § 2679(b) Exclusiveness of remedy
Title 33 U.S.C § 901-950 et seq
CFR 20 § 702 et seq
Article VI of the United States Constitution
Fourth Amendment to the United States Constitution
Fifth Amendment to the United States Constitution

## INTRODUCTION

Petitioner plausibly alleges that Respondent violated clearly established constitutional rights when they neglected to properly administer his LHWCA claim pursuant to Title 33 U.S.C 901-950 et seq and CFR 20 section 702 et seq, denying inquiry into a controverted claim including, but not limited to a fair determination as to an additional compensable injury, the level of treatment provided, and whether the Petitioner had a verifiable claim. The Petitioner reported the identification of the concealed tendon injury March 05, 2018, alleging fraudulent concealment of material fact to the OWCP Long Beach, California regional director's office. The DLHWC office directed Fitzpatrick to file form LS-18, saying the ALJ would be the only solution available to the Petitioner, thereby neglecting their responsibility and duty under the Act. At the ALJ, Fitzpatrick was denied a fair unbiased medical opinion pursuant to code, the court instead continuing the case to hearing six months later.

Consequently for the Petitioner, a defense employed medical examiner allegedly caused Fitzpatrick additional injury which may have been avoided, had the ALJ addressed the Petitioner's request for treatment in accordance with the law and ordered a truly independent examination.

The consequential, compensable injuries which are alleged to have occurred on August 28, 2018 in Dr. Kent Feldman's office, were timely reported to the Primary Treating Physician and his nurse. The extent of the additional injuries were discovered and subsequently treated by the VAMC La Jolla, California. The VA has assumed duty of care due to the negligence of the DOL. The Fifth Circuit held that the VA was entitled to recover the cost of the care as a subrogee to the employee's rights.[1] Petitioner welcomes the VA as a subrogee to the employee's rights, these liens must be honored as they are covered by federal law with federal enforcement procedures.

Four elements are required to establish a prima facie case of negligence:

1) the existence of a legal duty that the defendant owed to the plaintiff

2) defendant's breach of that duty

---

[1] U.S. v. Bender Welding & Mach. Co., 558 F.2d 761 (5th Cir. 1977), rev'g Simmons v. Bender Welding & Mach. Co., 3 BRBS 222 (1976), and Love v. Bender Welding & Mach. Co., 3 BRBS 183 (1976).

3) plaintiff's sufferance of an injury

4) proof that defendant's breach caused the injury (typically defined through proximate cause)

To recover for negligence, Fitzpatrick must therefore establish the following elements:

1) a legal duty on the part of DOL to provide adequate administration for Fitzpatrick

2) breach of that duty

3) damages to Fitzpatrick as a result of the breach of duty

4) Fitzpatrick's justifiable reliance upon the DOL to perform their statutory duty.

The Westfall Act, 28 U.S.C. § 2679(b), preempts the California tort remedy to which the Petitioners could otherwise have resorted. Thus, like many victims of constitutional violations by rogue federal employees today, for John Fitzpatrick, it is likely Bivens, as a fixed principle in the law, would provide a powerful rationale to apply it to the instant case indeed.[2]

The Petitioner regards the necessity of Bivens in the constitutional context, such as unlawful seizure of property, in which it arose, and the callous denial of federally protected entitlement to adequate medical treatment. Unlike other misconduct, individual instances of negligent indifference to the plight of a citizen who should normally be afforded said entitlement. . . are difficult to address except by way of damages actions after the fact.
Addressing the substance and spirit of Supreme Court's decision in Abbasi, it seems to make nonsense of the rich history of cases imposing common law tort liability against rogue federal employees in the search-seizure context. The lower courts are not alone in depriving Bivens of any continued meaning. Since Abbasi, the Third Circuit has held that Bivens remedies are unavailable against rogue Transportation Security Administration employees, see Vanderklok v. United States, 868 F.3d 189 (3d Cir. 2017), and the Fourth Circuit has foreclosed Bivens claims against rogue Immigration and Customs Enforcement officials. See Tun-Cos v. Perrotte, 922 F.3d 514 (4th Cir. 2019).
The Supreme Court has therefore determined, as these decisions suggest, that the lower courts have (wrongly) read Abbasi to effectively shut the door on all Bivens claims—and, for the first time, to leave Petitioners challenging unconstitutional conduct by rogue federal employees with no possible recourse. This case is therefore not only about Bivens remedies for unconstitutional conduct; it is about whether unconstitutional conduct by rogue employees will be subject to any redress going forward—and what it would mean for the Constitution and the country if the answer is "no."

**CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED**
The Fourth Amendment protects "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures." U.S. CONST. amend. IV.
The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." Id. amend. V.
The Westfall Act provides that the Federal Tort Claims Act is the exclusive remedy "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," 28 U.S.C. § 2679(b)(1), unless the claim is brought for a violation of the Constitution

---

[2] Minneci v. Pollard, 565 U.S. 118, 126 (2012); Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017).

1 | or a statute "under which such action against an individual is otherwise authorized." Id. § 2679(b)(2).
2 | 42 U.S.C. § 1983 Civil action for deprivation of rights. [All COA's]

## PRELIMINARY STATEMENT

""

In the instant case, Fitzpatrick alleges the Respondents, throughout the course of this claim, knowingly or unknowingly, participated in the concealment of medical information, and subsequent fraudulent denial of benefit due under the Longshore Act. The fact that Fitzpatrick's compensable injuries were fraudulently concealed is indisputable. DOL neglected to pursue the facts surrounding Fitzpatrick's injuries, allowing General Dynamics Information Technology (GDIT) and Broadspire to concoct a false narrative, thereby perpetuating the fraud indefinitely. Fitzpatrick charges, that had the DOL performed their statutory duty by responding to reports of additional injuries, his suffering would not continue to this day. Facts concealed and then covered up, pertaining to Fitzpatrick's compensable injury, and the subsequent additional, compensable consequence injuries, resulted in total denial of his Longshore claim for entitlement.

Both medical and fiduciary benefits were withheld for 20.5 months under fraudulent circumstances, then restored to bi-weekly stipends. Although Dr. Tontz declared in writing that the additional tendon injury was causally related to the original industrial accident of December 11, 2015, Petitioner was denied medical treatment for this compensable injury.

The missing 41 bi-weekly entitlements were never restored to the Petitioner. These missing wage replacement funds are non-taxed entitlements. Anyone other than Fitzpatrick exercising these funds is doing so illicitly and any appreciation obtained from said exercise should be taxed in accordance with the law.

Medical treatment for injuries sustained AOE/COE is, was and continues to be denied pursuant to statute. The DD responded to numerous requests for an independent examination of the Petitioner's injuries, yet each request was denied, the final request explicitly stated in written correspondence.

The Petitioner shall plead at least certain predicate acts, some of which are comprised of the allegedly fraudulent communications by mail and wire, relating to the Petitioners' injuries and claims for benefits under the Longshore Act as follows:

First, the predicate acts alleged by the Petitioner are related. They have the same purpose; to reduce GDIT's payment for benefit and any medical obligations towards worker's compensation benefits, by fraudulently concealing a compensable injury, thereby denying worker's compensation benefits to which the employee is lawfully entitled.

DOL failed in administering the claim(s) pursuant to code. Combined, both acts have the same result: to deny worker's compensation benefits to Mr. Fitzpatrick, who is entitled to such benefits under the Longshore Act. They have many of the same participants: alleged in the complaint are GDIT, Broadspire LLC, the US Department of Labor, Dr. Tontz and the three attorneys' firms to be named. Finally, they have similar methods of commission: fraudulent misapplication of legal standards set forth in Title 33 USC and CFR 20, in denying worker's compensation benefits to Fitzpatrick.

## STATEMENT OF THE CASE

Pursuant to the Act, The Secretary *shall* actively supervise the medical care rendered to injured employees, *shall* require periodic reports as to the medical care being rendered to injured employees, *shall* have authority to determine the necessity, character, and sufficiency of any medical aid furnished or to be furnished, and <u>may</u>, on his own initiative or at the request of the employer, order a change of physicians or hospitals when in his judgment such change is desirable or necessary in the interest of the employee or where the charges exceed those prevailing within the community for the same or similar services or exceed the provider's customary charges. Change of physicians at the request of employees *shall* be permitted in accordance with regulations of the Secretary. (emphasis added).

In fact, the word "shall" appears no fewer than 494 times throughout the Longshore handbook. Title 33 U.S.C. Ch.18 LHWCA, § 901 – 950 et seq, "shall" is found 458 times. The word "shall" appears 319 times throughout the Procedure Manual - Division of Federal Employees, Longshore and Harbor Workers' Compensation (DFELHWC) and in the OALJ Bench book, topic 7, the word "shall" appears 19 times.

Shall is a non-discretionary function or act as described within the statute. Undeniably, when the word "shall" is used in statutes, contracts, or the like, the word is generally imperative or mandatory.[3]

Analysis of these documents reveals the duties and responsibilities of the United States Department of Labor including, but not limited to, the subordinate departments within. The significance of the word "shall" within these statutes denotes their importance in being exercised pursuant to Legislature(s) which enacted them. There is no room for decision.

These are non-discretionary functions. As described in Black's Law Dictionary, the term "shall" is defined in part as follows, "In common or ordinary parlance, and in its ordinary signification, the term "shall" is a word of command, and one which has always or which must be given a compulsory meaning: denoting obligation..."[4]

Therefore the general rule must be that the word "shall' is presumed mandatory when it appears in a statute. When the words "shall" and "may" are used in the same section of a statute, one can infer that the legislature was aware of the different denotations and intended the words to have their precise meanings.

In the case before you, the Petitioner declares the Office of the Secretary of Labor and sub-ordinates within the department, were, are and continue to be negligent in their duties and responsibilities to the Petitioner in the administration of a legitimate worker's compensation claim including, but not limited to denial of federally mandated medical treatment; denial of an independent and fair examination by a doctor not chosen by either declarant; rejection of the Petitioner's requests for proper administration pursuant to statute including failure to investigate alleged fraudulent concealment of medical information, and failure to ensure adequate medical treatment for the compensable consequence injuries reported on form LS-203.

CFR 20 §702.201 discusses the reporting requirements for the employer to report an employee's injury. The Petitioner was injured on 11 December 2015 aboard the USS San Diego (LPD-22), an employee of General Dynamics Information Technology.

GDIT reported the fractured metatarsal injury in May 2016 to the Office of Worker's Compensation Program, five months delinquent. Note that GDIT neglected to include the torn PB tendon which had been discovered 30 March 2016. This neglect should have flagged §702.204 Employer's report; penalty for failure to furnish and or falsifying, thereby triggering §702.216(a) Failure to give timely notice ... if the employer had actual knowledge of the injury or death and § 702.217(a), respectively. The Petitioner maintains that GDIT knowingly and willfully falsified the reporting and extent of the Petitioner's work related injury in order to deny benefits under the Act. The OWCP neglected to act, and continues to neglect to protect Fitzpatrick from harm and to penalize the Employer/Carrier pursuant to the code.

With respect to causation, Fitzpatrick need only show that the Respondent's act or failure to act produced the harm directly or set in motion events that produced the harm in a natural and continual sequence. Fitzpatrick would not have unnecessarily suffered for five years with a crippling, compensable injury if the Respondent had administered the claim pursuant to the statute.

33 USC § 919(c) Investigations; The deputy commissioner shall make or cause to be made such investigations as he considers necessary in respect of the claim, and upon application of any interested party shall order a hearing thereon.

---

[3] Independent School Dist. v. Independent School Dist., 170 N.W.2d 433, 440 (Minn. 1969).

[4] It has a peremptory meaning, and it is generally imperative or mandatory. It has the invariable significance of excluding the idea of discretion, and has the significance of operating to impose a duty which may be enforced, particularly if public policy is in favor of this meaning, or when addressed to public officials, or where a public interest is involved, or where the public or persons have rights which ought to be exercised or enforced, unless a contrary intent appears; but the context ought to be very strongly persuasive before it is softened into a mere permission," etc.[People v. O'Rourke, 124 Cal. App. 752, 759 (Cal. App. 1932)].

Fitzpatrick requested investigations into his claim to the District Director, the Director above and to the Secretary of Labor. The Director wrote to Fitzpatrick that he could trust codified law, yet they failed to investigate alleged fraudulent concealment of material fact thereby neglecting to enforce the same codified law. These allegations are sufficient to establish causation.

With respect to damages, Fitzpatrick has pleaded that the OWCP's actions are the cause of his damages. It is immaterial for purposes other than judicial economy, that the Secretary of Labor may have also caused similar or identical damages. The only relevant allegation is that the damages occurred because of Department of Labor's actions or inaction.

Fitzpatrick's allegations are sufficient to withstand a motion to dismiss. But for the negligent mishandling of the claim by the Department of Labor throughout the past five years, John Fitzpatrick would be whole in his person, health and economic future. Instead the Petitioner will be handicapped for the remainder of his life as a direct and proximate result of the Respondents actions against him.

33 USC § 927 is clear as to the power vested in the deputy commissioners, District Directors or Board:

(a) The deputy commissioner or Board shall have power to preserve and enforce order during any such proceedings; to issue subpoenas for, to administer oaths to, and to compel the attendance and testimony of witnesses, or the production of books, papers, documents, and other evidence, or the taking of depositions before any designated individual competent to administer oaths; to examine witnesses; and to do all things conformable to law which may be necessary to enable him effectively to discharge the duties of his office.

(b) If any person in proceedings before a deputy commissioner or Board disobeys or resists any lawful order or process, or misbehaves during a hearing or so near the place thereof as to obstruct the same, or neglects to produce, after having been ordered to do so, any pertinent book, paper, or document, or refuses to appear after having been subpoenaed, or upon appearing refuses to take the oath as a witness, or after having taken the oath refuses to be examined according to law, the deputy commissioner, District Director or Board shall certify the facts to the district court having jurisdiction in the place in which he is sitting (or to the Supreme Court of the District of Columbia [United States District Court for the District of Columbia] if he is sitting in such District) which shall thereupon in a summary manner hear the evidence as to the acts complained of, and, if the evidence so warrants, punish such person in the same manner and to the same extent as for a contempt committed before the court, or commit such person upon the same conditions as if the doing of the forbidden act had occurred with reference to the process of or in the presence of the court. Concealment fraud is a forbidden act to be sure.

Allegations of fraud and deceitful practices by the Employer/Carrier and their agents are serious on their own. Discovery through correct and thorough investigation is the only way the deputy commissioner, District Director or Board can certify the facts to the district court having jurisdiction, as is their duty. The Department of Labor is derelict in their duty in this respect.

33 U.S. Code § 930 Reports to Secretary Subsection (a) ... the employer shall send to the Secretary... Subsection (e) set forth penalties for employers whom fail to timely and accurately report compensable injuries. Subsection (f) explains the tolling, which in Fitzpatrick's case has yet to begin since neither GDIT nor Broadspire has reported the Peroneal Brevis tendon injury, properly and timely, to the Secretary, and until such report shall have been furnished as required by the provisions of subsection (a) of this section, the limitations in subsection (a) of section 913 of this title shall not begin to run against the claim of the injured employee or his dependents entitled to compensation.

33 U.S. Code § 931 - Penalty for misrepresentation subsection (c) mandates punishments for false statements or representation to reduce, deny, or terminate benefits to injured workers. Fitzpatrick alleges the Employer/Carrier fraudulently concealed critical medical information which resulted in the Petitioner being denied benefits and the subsequent neglect of treatment for a compensable injury. A dispute of this magnitude would normally be investigated pursuant to the Act. The Secretary of Labor shall act when a non-discretionary function is declared within a statute. Else the Secretary of Labor is negligent, derelict in performance of their duties.

Dereliction of duty is a form of gross negligence. Dereliction in the performance of duties is a special circumstance with many nuances. Someone is derelict when they intentionally fail to perform duties, or perform them in such an inefficient manner that they have no excuse.

A duty can be established by treaty, statute, regulation, lawful order, standard operating procedure, or custom of the service. In the United States Armed services, for example, Article 92 of the Uniform Code of Military Justice (UCMJ) is "Failure to Obey an Order or Regulation" (written or stated). The U.S. military considers it a dereliction of duty when soldiers are unable or unwilling to perform the job assigned to military personnel. Those who are employed in Federal service cannot be held to any different standard in performance of their duties.

Fitzpatrick therefore brings these causes of action for negligence against the United States Department of Labor for negligence.

## COMPLAINT

COA I ..... FTCA Complaint Right to Entitlement Administered Pursuant to Statute Under 33 U.S.C. §§ 901 - 950 and 20 CFR §§ 702.101 – 702.811; 42 U.S.C. §1983 Civil Action for Deprivation of Rights.

COA II ..... FTCA Complaint Right to Entitlement Administered Pursuant to Statute Under 33 U.S.C. §§ 901 - 950 and 20 CFR §§ 702.101 – 702.811; 42 U.S.C. §1983 Civil Action for Deprivation of Rights.

COA III .... FTCA Complaint Right to Entitlement Administered Pursuant to Statute Under 33 U.S.C. §§ 901 - 950 and 20 CFR §§ 702.101 – 702.811; 42 U.S.C. §1983 Civil Action for Deprivation of Rights.

COA IV .... Article VI; Fourth Amend; Fifth Amend ; 33 U.S.C § 916; 42 U.S.C. § 1983

COA V ..... FTCA Complaint Right to Entitlement Administered Pursuant to Statute Under 33 U.S.C. §§ 901 - 950 and 20 CFR §§ 702.101 – 702.811; 42 U.S.C. §1983 Civil Action for Deprivation of Rights.

COA VI .... Fifth Amendment Right to Due Process and Equal Protection; Violation of 33 U.S.C. Longshore Entitlement to Adequate Medical Treatment; 42 U.S.C. §1983 Civil Action for Deprivation of Rights.

COA VII .....FTCA Complaint Right to Entitlement Administered Pursuant to Statute Under 33 U.S.C. §§ 901 - 950 and 20 CFR §§ 702.101 – 702.811; 42 U.S.C. §1983 Civil Action for Deprivation of Rights.

Comes now John Fitzpatrick, Petitioner, and files these complaints against the United States Department of Labor, and for cause would show as follows:

1. Petitioner is an adult resident of Ramona, San Diego County, California.
2. Respondent, US DOL, may be served with process of this Court by personal service at Date/time/location.
3. The Respondent, by allowing the denial of longshore benefit, under fraudulent concealment, and without due process, is in direct contradiction to federal statute and thus violates US Constitution, the LHWCA and Petitioners right to due process. As a direct and proximate result of the Respondent's actions, Fitzpatrick is in physical and economic ruin; adding to his physical suffering is the ongoing legal battles with both the state and federal worker's compensation programs, which is again placing his quality of life in jeopardy.

## FIRST CAUSE OF ACTION
**FTCA Right to Entitlement Administered Pursuant to Statute Under 33 U.S.C. §§ 901 - 950 and 20 CFR §§ 702.101 – 702.811; 42 U.S.C. §1983 Civil Action for Deprivation of Rights.**

1. Petitioner re-alleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein.
2. Petitioner shall exercise his right to pursue civil action under 42 U.S.C. § 1983 Civil action for deprivation of rights.

3. Petitioner would show that the actions or inaction, of the Respondent herein filed, are willfully in disregard of Federal law governing DOL, found in 33 USC and 20 CFR, and of the Petitioner's constitutional rights pursuant to the U.S. Constitution, and so warrant an award of punitive damages to Petitioner.
4. Petitioner would show that the deliberate, voluntary act of allowing the denial of a federal benefit to a citizen whom is entitled by law to receive said benefit, by Respondent, constitutes an illegal disruption of Petitioner's entitlement, this being executed in violation of both State and Federal statutes. Petitioner is therefore entitled to a Judgement of and against Respondent for compensatory and punitive damages.
5. The actions of the Respondent were callous and apathetic, and no question was raised when the benefits were ceased, Fitzpatrick was terminated from employment without adjudication or proper administration of the claim. DOL failed Fitzpatrick through negligence, whether intentional or not, to adhere to statutory duty, therefore Fitzpatrick brings this first cause of action: negligence in investigating and properly administering the original industrial accident of December 11, 2015, pursuant to the Longshore Act.
6. Petitioner has suffered physical harm as well as harm to his reputation, humiliation, embarrassment, mental anguish and distress, being forced to near foreclosure on his family home due to the illegitimate denial of his entitlements, without due process and in direct contradiction to code.
7. These unlawful actions were done, whether with or without specific intent, to deprive Petitioner of his constitutional rights to be secure in his property.
8. Petitioner is informed and believes that the acts of the Respondent were, whether intentional or through indifference, unlawful in failing to protect and preserve Petitioner's rights and entitlement and that, at minimum, Respondents were deliberately indifferent to the fact that benefits would end or be withheld unlawfully, based on alleged past circumstances of similar constitutional and statutory violations of the law. DOL officials allegedly made discretionary function decisions where none existed.
9. As a direct and proximate consequence of these unlawful acts, Petitioner has suffered and will continue to suffer loss of his personal property, and he is therefore entitled to compensatory damages for the illicit neglect of his claim for entitlement, which has caused him personal injury.

## SECOND CAUSE OF ACTION
**FTCA Right to Entitlement Administered Pursuant to Statute Under 33 U.S.C. §§ 901 - 950 and 20 CFR §§ 702.101 – 702.811; 42 U.S.C. §1983 Civil Action for Deprivation of Rights.**

1. Petitioner re-alleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein.
2. Petitioner shall exercise his right to pursue civil action under 42 U.S.C. § 1983 Civil action for deprivation of rights.
3. Petitioner would show that the actions or inaction, of the Respondent herein filed, are willfully in disregard of Federal law governing DOL/OWCP, found in 33 USC and 20 CFR, and of the Petitioner's constitutional rights pursuant to the U.S. Constitution, and so warrant an award of punitive damages to Petitioner.
4. Petitioner would show that the deliberate, voluntary act of allowing the denial a federal benefit to a citizen whom is entitled by law to receive said benefit, by Respondent, constitutes an illegal disruption of Petitioner's entitlement, this being executed in violation of both State and Federal statutes. Petitioner is therefore entitled to a Judgement of and against Respondent for compensatory and punitive damages.
5. Petitioner filed form LS-203 on March 05, 2018 when he discovered the concealed MRI of the right ankle injury from March 30, 2016. Fitzpatrick also had new MRI images of the right ankle done April 12, 2018. The images were shared with Dr. Tontz, Jr. on April 26, 2018 which is coincidentally the same day bi-weekly benefit payments were restarted.

- 8 -
Notice of Complaint Title 42 U.S.C Section 1983

6. The actions of the Respondent were callous and apathetic, and no question was raised when the benefits were suddenly restored as a bi weekly stipend, quasi pro tanto, however, there was complete disregard for the recently discovered torn Peroneal Brevis tendon, the injury which had been concealed up until now and continues to be neglected by Respondent.
7. Petitioner timely reported the additional injury upon discovery. Investigation by OWCP was not begun upon reporting of this compensable injury, Fitzpatrick was denied adequate medical treatment and there has been no administration of the claim by the OWCP.
8. DOL failed Fitzpatrick through negligence, whether intentional or not, to adhere to statutory duty, therefore Fitzpatrick brings this second cause of action: negligence in investigating and properly administering the additional, compensable injury which is causally related to the original industrial accident of December 11, 2015, pursuant to the Longshore Act.
9. Petitioner has suffered harm to his reputation, humiliation, embarrassment, mental anguish and distress due to the illegitimate denial of his entitlements, without due process and in direct contradiction to code.
10. These unlawful actions were done, whether with or without specific intent, to deprive Petitioner of his constitutional rights to be secure in his property.
11. Petitioner is informed and believes that the acts of the Respondent were, whether intentional or through indifference, unlawful in failing to protect and preserve Petitioner's rights and entitlement and that, at minimum, Respondents were deliberately indifferent to the fact that benefits would end or be withheld unlawfully, based on alleged past circumstances of similar constitutional and statutory violations of the law. DOL officials allegedly made discretionary function decisions where none existed.
12. As a direct and proximate consequence of these unlawful acts, Petitioner has suffered and will continue to suffer loss of his personal property, and he is therefore entitled to compensatory damages for the illicit neglect of his claim for entitlement, which has caused him personal injury.

### THIRD CAUSE OF ACTION
**FTCA Right to Entitlement Administered Pursuant to Statute Under 33 U.S.C. §§ 901 - 950 and 20 CFR §§ 702.101 – 702.811; 42 U.S.C. §1983 Civil Action for Deprivation of Rights.**

1. Petitioner re-alleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein.
2. Petitioner shall exercise his right to pursue civil action under 42 U.S.C. § 1983 Civil action for deprivation of rights.
3. Petitioner would show that the actions or inaction, of the Respondent herein filed, are willfully in disregard of Federal law governing DOL/OALJ, found in 33 USC and 20 CFR, and of the Petitioner's constitutional rights pursuant to the U.S. Constitution, and so warrant an award of punitive damages to Petitioner.
4. Petitioner would show that the deliberate, voluntary act of allowing the denial a federal benefit to a citizen whom is entitled by law to receive said benefit, by Respondent, constitutes an illegal disruption of Petitioner's entitlement, this being executed in violation of both State and Federal statutes. Petitioner is therefore entitled to a Judgement of and against Respondent for compensatory and punitive damages.
5. The actions of the Respondent were somewhat uncaring, almost crass in the manner in which the claim was handled at this level. Petitioner asked the OALJ to order an independent examination of the Petitioner to determine the existence and extent of compensable injuries pursuant to 33 U.S.C. and 20 C.F.R. The OWCP had already passed the case along after neglecting this function; Fitzpatrick was seeking a hearing so as to order the proper administration of the claim. Instead, the court denied Fitzpatrick's requests and continued the issues ahead to be heard in December 2018.
6. Petitioner was then sent to two defense employed doctors to be evaluated for possible surgery. Petitioner has alleged that Dr. Kent Feldman caused further, compensable consequence injuries during the examination. These additional injuries were confirmed by the VA and are being treated now as the VA has assumed duty of care over this claim.

7. The December 10, 2018 hearing was via telephone. Petitioner asked of the court to be heard concerning a medical evaluation by an independent physician, as he'd requested previously, and to be restored financially of the missing 20 months benefit, both requests were denied. The judge continued the claim to June of 2019 for hearing.
8. DOL failed Fitzpatrick through negligence, whether intentional or not, to adhere to statutory duty, therefore Fitzpatrick brings this third cause of action: negligence on behalf of the OALJ in properly administering the claim of the December 11, 2015 accident, pursuant to the Longshore Act, after the OWCP had already neglected to process the claim.
9. Petitioner has suffered physical harm as well as harm to his reputation, humiliation, embarrassment, mental anguish and distress due to the improper denial of his entitlements, without due process and in direct contradiction to code.
10. These actions were done, whether with or without specific intent, to deprive Petitioner of his statutory rights to be Longshore benefits and to be given opportunity to present grievances at hearing.
11. Petitioner is informed and believes that the acts of the Respondent were, whether intentional or through indifference, unlawful in failing to protect and preserve Petitioner's rights and entitlement and that, at minimum, Respondents were deliberately indifferent to the fact that benefits would be suspended or be withheld unlawfully, based on alleged past circumstances of similar constitutional and statutory violations of the law. DOL/OWCP officials allegedly made discretionary function decisions where none existed.
12. As a direct and proximate consequence of these unlawful acts, Petitioner has suffered and will continue to suffer loss of his personal property as well as further denial of his rightful entitlement, and he is therefore entitled to compensatory damages for the illicit neglect of his claim for benefits under the law, which has caused him personal injury.

## FOURTH CAUSE OF ACTION
**Article VI Supremacy Clause; Fourth Amendment Right to Freedom From Unreasonable Seizure of Property; Fifth Amendment Right to Due Process and Equal Protection; Violation of 33 U.S.C. § 916 Liens Against Longshore Entitlement; 42 U.S.C. §1983 Civil Action for Deprivation of Rights.**

1. Petitioner re-alleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein.
2. Petitioner shall exercise his right to pursue civil action under 42 U.S.C. § 1983 Civil action for deprivation of rights.
3. Petitioner would show that the actions or inaction, of the Respondent herein filed, are willfully in disregard of Federal law governing DOL, found in, but not limited to, 33 USC and 20 CFR, OALJ Bench book and LHWCA Handbook, and of the Petitioner's constitutional rights pursuant to the U.S. Constitution, and so warrant an award of punitive damages to Petitioner.
4. Respondent violated Petitioner's Fourth Amendment[5] rights to be free from unreasonable seizure of their property. A seizure of property, within the meaning of the Fourth Amendment, occurs when there is some meaningful interference with an individual's possessory interests in the property. Respondent has a fiduciary duty to Petitioner to ensure his entitlement under statutory regulations when it has been withheld under fraudulent circumstances and without due process. Petitioner shall exercise his right to pursue civil action under 42 U.S.C. § 1983 Civil action for deprivation of rights.
5. Petitioner would show that the deliberate voluntary act of allowing, whether intentional or not, the conversion and remuneration of a State Disability Insurance fund with benefits disbursed for Petitioner, is in violation of 33 U.S.C. § 916 which clearly prohibits this action. Mr. Jason Molnar, Esq., defense attorney for General Dynamics Information Technology, on January 29, 2019, allegedly took receipt of Fitzpatrick's entitlement for twenty and one half months of bi-weekly entitlement pay, converted $35,152.00 of the

---

[5] (U.S. Const., amend. IV).

entitlement to refund California Employment Development Department State Disability Insurance while retaining the balance of approximately $44,000.00.
6. The intercept and subsequent distribution of longshore benefits, without due process, is tantamount to theft. The fiduciary asset in question is $35,152.00. Refunding of a disability account the Petitioner was forced to access, due to the unlawful denial of benefits, is itself unlawful without due process.
7. Respondent neglected to appropriately ensure this benefit was administered to the Petitioner, allowing his property to be withheld unlawfully and without his permission. Respondent refused to hear Fitzpatrick's complaint on this issue and has continued to ignore plaints on the matter filed by Petitioner.
8. Denial of a federal benefit to a citizen whom is entitled by law to receive said benefit, and which action of denial is so permitted by Respondent, constitutes an illegal disruption of Petitioner's entitlement, this being executed in violation of Article VI, the Supremacy Clause of the United States Constitution, Fourth and Fifth Amendment to the Constitution and in violation of Title 33 U.S.C. § 916, respectively. Petitioner is therefore entitled to a Judgement of and against Respondent for compensatory and punitive damages.
9. Respondents, their employees and agents, owed Petitioner a duty under the due process clause of the Fifth Amendment to the U.S. Constitution[6] to protect the Petitioner from such negligent behavior or practices of the Respondent as described herein, under the Fourth Amendment, protection from illegal seizures, and under Title 33 U.S.C. § 916.
10. Petitioner is informed and believes that the acts of the Respondent were, whether intentional or through indifference, unlawful in failing to protect and preserve Petitioner's rights and entitlement and that, at minimum, Respondents were deliberately indifferent to the fact that benefits would be withheld unlawfully, based on alleged past circumstances of similar constitutional and statutory violations of the law. DOL/OALJ officials allegedly allowed the defense attorneys to intercept and disburse federally mandated funds in lieu of due process.
11. As a direct and proximate consequence of these unlawful acts, Petitioner has suffered and will continue to suffer loss of his personal property as well as further denial of his rightful entitlement and medical treatment, and he is therefore entitled to compensatory damages for the illicit neglect to properly adjudicate his claim for benefits under the law, which has caused him personal injury.

## FIFTH CAUSE OF ACTION

**FTCA Right to Entitlement Administered Pursuant to Statute Under 33 U.S.C. §§ 901 – 950 and 20 CFR §§ 702.101 – 702.811; 42 U.S.C. §1983 Civil Action for Deprivation**

1. Petitioner re-alleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein.
2. Petitioner shall exercise his right to pursue civil action under 42 U.S.C. § 1983 Civil action for deprivation of rights.
3. Petitioner would show that the actions or inaction, of the Respondent herein filed, are willfully in disregard of Federal law governing DOL/OWCP, found in, but not limited to, 33 USC and 20 CFR, the LHWCA Handbook and the United States Constitution, and so warrant an award of punitive damages to Petitioner.
4. Petitioner would show that the deliberate, voluntary act of allowing the denial a federal benefit to a citizen whom is entitled by law to receive said benefit, by Respondent, constitutes an illegal disruption of Petitioner's entitlement, this being executed in violation of both State and Federal statutes. Petitioner is therefore entitled to a Judgement of and against Respondent for compensatory and punitive damages.

---

[6] (U.S. Const. amend. V, § 4).

5. Petitioner filed form LS-203 on August 05, 2019 when he had discovered the source of his additional injuries. In the previous year, Fitzpatrick had allegedly been injured during an examination by a defense employed doctor. Petitioner reported the additional injuries to his primary treating physician, and to his nurse via email. He was denied treatment from the workers compensation doctors.
6. Fitzpatrick, a Navy veteran, was accepted by the VA for treatment. He has undergone surgeries to treat non-service related injuries. The VA has assumed duty of care, yet the DOL has made no inquiries as to the extent of compensable injuries claimed.
7. Petitioner filed another LS-203 in November 2019, adding the newly discovered Peroneal Longus tendon trauma and the cervical herniation trauma allegedly suffered from Dr. Kent Feldman which occurred on August 28, 2018. Respondent neglected to administer this additional claim.
8. Despite this well-defined duty, Respondents provided Petitioner with no notice that longshore benefit was at risk of being denied. The fact that treatment for a compensable consequence injury, which is coincident with the original industrial accident, would be denied was not notified to the Petitioner.
9. Respondents, their employees and agents, owed Petitioner a duty under the due process clause of the Fifth Amendment to the U.S. Constitution[7] to protect the Petitioner from such negligent behavior or practices of the Respondent as described herein, and under Title 33 U.S.C.
10. Petitioner is informed and believes that the acts of the Respondent were, whether intentional or through indifference, unlawful in failing to protect and preserve Petitioner's rights and entitlement and that, at minimum, Respondents were deliberately indifferent to the fact that benefits would be withheld unlawfully, based on alleged past circumstances of similar constitutional and statutory violations of the law. DOL/OWCP officials allegedly neglected to properly administer Petitioner's claim for longshore benefit, thereby denying Fitzpatrick his due process.
11. As a direct and proximate consequence of these unlawful acts, Petitioner has suffered and will continue to suffer loss of his personal property as well as further denial of his rightful entitlement to medical treatment, and he is therefore entitled to compensatory damages for the illicit neglect to properly administer his claim for benefits under the law, which has caused him personal injury.

### SIXTH CAUSE OF ACTION

**Fifth Amendment Right to Due Process and Equal Protection; Violation of 33 U.S.C. Longshore Entitlement to Adequate Medical Treatment; 42 U.S.C. §1983 Civil Action for Deprivation of Rights. Closed period.**

1. Petitioner re-alleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein.
2. Petitioner shall exercise his right to pursue civil action under 42 U.S.C. § 1983 Civil action for deprivation of rights.
3. Petitioner would show that the actions or inaction, of the Respondent herein filed, are willfully in disregard of Federal law governing DOL/OALJ, found in, but not limited to, 33 USC and 20 CFR, OALJ Bench book, the LHWCA Handbook and the United States Constitution, and so warrant an award of punitive damages to Petitioner.

---

[7] (U.S. Const. amend. V, § 4).

4. Petitioner attempted to present the previously stated allegations to the ALJ at hearing on Jan 30, 2020 and was denied opportunity to be heard, thereby denying Fitzpatrick due process guaranteed by the Fifth Amendment to the United States Constitution.
5. Petitioner asked of the court to be heard concerning a medical evaluation by an independent physician, pursuant to statute, as he'd requested previously of the court, and to be restored financially of the missing 20 months benefit. Both requests were denied by the ALJ, who remanded the case back to OWCP for proper administration pursuant to statute. The judge then approved stipulations which were, curiously, typed and ready for approval, by Mr. John Marin, Esq., attorney for General Dynamics Information Technology, prior to the hearing.
6. The ALJ advised Mr. and Mrs. Fitzpatrick that, if they did not accept the terms of the stipulations, it would be at least a year before any financial restitution would come to them, if at all, after a lengthy trial.
7. The ALJ then removed the case from calendar. Fitzpatrick was forced to accept approximately half of his entitlement in the stipulations. Petitioner shall appeal the stipulations as General Dynamics Information Technology and the OWCP refused, twice, to honor the judge's order to administer the claim pursuant to code.
8. Statutory regulations require specific documentation of injury reporting whether under the federal LHWCA or local workers compensation programs: the injured worker has rights. The Petitioner demands production of all documents, ledgers and adjudications connected to these claims. Petitioner firmly believes that, without due process and documentation, neglecting to properly administer a claim is illegal.
9. DOL failed Fitzpatrick through negligence, whether intentional or not, to adhere to statutory duty, therefore Fitzpatrick brings this sixth cause of action: negligence on behalf of the OALJ in protecting the rights of a citizen, failure to enforce statutory regulations, allowing denial of a lawful, medical entitlement and denial of constitutionally guaranteed right to due process.
10. Petitioner has suffered harm to his reputation, humiliation, embarrassment, mental anguish and distress due to the unlawful denial of federally mandated entitlement and medical treatment, without due process and in direct contradiction to code, and he has suffered additional harm being denied equal protection under law.
11. These unlawful actions were done, whether with or without specific intent, to deprive Petitioner of his constitutional rights to be secure in his property, to be heard properly as to his grievances, and to be afforded equal protection under law.
12. Petitioner is informed and believes that the acts of the Respondent were, whether intentional or through indifference, unlawful in failing to protect and preserve Petitioner's rights and entitlement and that, at minimum, Respondents were deliberately indifferent to the fact that benefits would be halted or withheld unlawfully, based on alleged past circumstances of similar constitutional and statutory violations of the law. DOL/OALJ officials allegedly made discretionary function decisions where none existed.
13. As a direct and proximate consequence of these unlawful acts, Petitioner has suffered and will continue to suffer loss of his personal property as well as further denial of his rightful entitlement, and he is therefore entitled to compensatory damages for the illicit neglect of his claim for benefits under the law, and violation of constitutionally guaranteed rights to be free from unlawful seizure and right to due process which has caused him personal injury.

## SEVENTH CAUSE OF ACTION

**FTCA Right to Entitlement Administered Pursuant to Statute Under 33 U.S.C. §§ 901 - 950 and 20 CFR §§ 702.101 – 702.811; 42 U.S.C. §1983 Civil Action for Deprivation of Rights.**
**[Marco's letter of denial]**

1. Petitioner re-alleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein.
2. Petitioner shall exercise his right to pursue civil action under 42 U.S.C. § 1983 Civil action for deprivation of rights.
3. Petitioner would show that the actions or inaction, of the Respondent herein filed, are willfully in disregard of Federal law governing DOL/OWCP, found in, but not limited to, 33 USC and 20 CFR, the LHWCA Handbook and the United States Constitution, and so warrant an award of punitive damages to Petitioner.
4. Petitioner would show that the deliberate, voluntary act of denying, in writing, lawful entitlement to adequate medical treatment and an independent medical examination pursuant to code.
5. The DOL has neglected to conduct a thorough investigation into allegations of concealment fraud, and the suspicion of influence being applied by various actors involved throughout this claim is obvious to the casual observer. The fact that $35,152.00 was misappropriated and thereafter converted to California EDD raises questions, notably when such large sums of money are being manipulated, apparently without oversight.
6. Title 33 and CFR 20 describe the duties and responsibilities of the Secretary of Labor and subordinate officers, as well as judicial responsibilities, within the DOL. Wherever the statute is direct, stating a particular function or action shall occur there is absolutely no decision other than following the directive, else dereliction of said duty is committed. Whether intentional or not is of no consequence, the bell has been rung.
7. The OWCP was ordered by a federal judge to administer this claim, on two separate occasions and still neglected to comply. Signed stipulations between Fitzpatrick and GDIT/Broadspire, LLC, were explicit as to the status of the claim however, the judge was very direct in the second order handed down by the court. DOL has continued to neglect to properly administer Petitioner's claim pursuant to 33 U.S.C. or CFR 20.
8. The DOL, whether knowingly or unknowingly, denied Fitzpatrick his entitlements, thereby breaching their own rules. The District Director refused a federal benefit to a citizen whom is entitled by law to receive said benefit. This constitutes an illegal disruption of Petitioner's entitlement, executed in violation of both State and Federal statutes. Petitioner is therefore entitled to a Judgement of and against Respondent for compensatory and punitive damages.
9. Petitioner has suffered physical harm as well as harm to his reputation, humiliation, embarrassment, mental anguish and distress due to the unlawful denial of a federally mandated entitlement and medical treatment, without due process and in direct contradiction to code, and he has suffered additional harm being denied equal protection under law.
10. These unlawful actions were done, whether with or without specific intent, to deprive Petitioner of his federally mandated right to compensation and adequate medical care for a work injury, and to be afforded equal protection under law.
11. Petitioner is informed and believes that the acts of the Respondent were, whether intentional or through indifference, unlawful in failing to protect and preserve Petitioner's rights and entitlement and that, at minimum, Respondents were deliberately indifferent to the fact that benefits would be halted or withheld unlawfully, based on alleged past circumstances of similar constitutional and statutory violations of the law. DOL/OWCP officials allegedly made discretionary function decisions where none existed.
12. As a direct and proximate consequence of these unlawful acts, Petitioner has suffered and will continue to suffer loss of his personal property as well as further denial of his rightful entitlement, and he is therefore entitled to compensatory damages for the illicit neglect of his claim for benefits under the law, and violation of constitutionally guaranteed right to due process which has caused him personal injury.

## DAMAGES

I) FTCA Complaint Right to Entitlement Administered Pursuant to Statute Under 33 U.S.C. §§ 901 - 950 and 20 CFR §§ 702.101 – 702.811; 42 U.S.C. §1983 Civil Action for Deprivation of Rights. $250,000.00

II) FTCA Complaint Right to Entitlement Administered Pursuant to Statute Under 33 U.S.C. §§ 901 - 950 and 20 CFR §§ 702.101 – 702.811; 42 U.S.C. §1983 Civil Action for Deprivation of Rights. $250,000.00

III) FTCA Complaint Right to Entitlement Administered Pursuant to Statute Under 33 U.S.C. §§ 901 - 950 and 20 CFR §§ 702.101 – 702.811; 42 U.S.C. §1983 Civil Action for Deprivation of Rights. $250,000.00

IV) Article VI; Fourth Amend; Fifth Amend; 33 U.S.C § 916; 42 U.S.C. § 1983. $250,000.00

V) FTCA Complaint Right to Entitlement Administered Pursuant to Statute Under 33 U.S.C. §§ 901 - 950 and 20 CFR §§ 702.101 – 702.811; 42 U.S.C. §1983 Civil Action for Deprivation of Rights. $250,000.00

VI) Fifth Amendment Right to Due Process and Equal Protection; Violation of 33 U.S.C. Longshore Entitlement to Adequate Medical Treatment; 42 U.S.C. §1983 Civil Action for Deprivation of Rights. $250,000.00

VII) FTCA Complaint Right to Entitlement Administered Pursuant to Statute under 33 U.S.C. §§ 901 - 950 and 20 CFR §§ 702.101 – 702.811; 42 U.S.C. §1983 Civil Action for Deprivation of Rights. $250,000.00

## RELIEF

WHEREFORE, John Fitzpatrick, Plaintiff, brings this FTCA and Title 42 U.S.C. section 1983[8] action against United States Department of Labor, Defendant, and demands judgement in the sum certain of ($250,000.00 × 7 = $1,750,000.00) for compensatory damages and injunctive relief for punitive damages to be determined by the court.

DATED: September 3, 2021

John Fitzpatrick
In Pro Per

---

[8] Monroe v. Pape, 365 U.S. 167 (1961).

```
DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS132333
Cashier ID: asepulve
Transaction Date: 09/03/2021
Payer Name: JOHN FITZPATRICK
--------------------------------------
CIVIL FILING FEE- NON-PRISONER
 For: JOHN FITZPATRICK
 Case/Party: D-CAS-3-21-CV-001561-001
 Amount:         $402.00
ELECTRONIC PRINTING FEE
 For: JOHN FITZPATRICK
 Amount:         $0.80
--------------------------------------
CREDIT CARD
 Amt Tendered:  $402.80
--------------------------------------
Total Due:      $402.80
Total Tendered: $402.80
Change Amt:     $0.00


There will be a fee of $53.00
charged for any returned check.
```